SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4473 PA (FFMx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | Darold M. Shirwo v. JPMorgan Chase, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal (Docket No. 1) filed by defendants Chase Bank USA, N.A., erroneously sued as JPMorgan Chase, Southwest Airlines Co., erroneously sued as Southwest Airlines, Inc., and Continental Airlines, Inc. ("Defendants"). Defendants assert that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.

SEND
JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4473 PA (FFMx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | Darold M. Shirwo v. JPMorgan Chase, et al. | | |

28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus, 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "When not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003); Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)("If the amount in controversy is not clear on the face of the complaint, however, defendant must do more than point to a state law that might allow recovery above the jurisdictional minimum. Rather, the defendant must submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000.") (quotations omitted).

Here, Defendants allege the following regarding the amount in controversy:

> The attorneys' fees required to prosecute this action through trial will exceed $10,000. Plaintiff further alleges that as a proximate result he sustained general damages, in a sum to be determined at the time of trial, and that defendants are jointly liable for punitive damages in the amount of at least $75,000.00. The amount in controversy, exclusive of interests and costs, therefore exceeds $75,000.00.

(Notice of Removal, p. 2, ¶ 3.) The Court finds these bare allegations insufficient to demonstrate that the amount in controversy exceeds the jurisdictional minimum by a preponderance of the evidence. See Matheson, 319 F.3d at 1090; Kenneth Rothschild Trust, 199 F. Supp. 2d at 1001. Thus, Defendants have failed to demonstrate this Court's jurisdiction on grounds of diversity.

Additionally, defendant seeking removal must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served" on the defendant. 28 U.S.C. § 1446(a). Here, the Notice of Removal attached copies of the Summons and Complaint, but it is unclear that Defendants attached "a copy of all process, pleadings, and orders" served upon Defendant. See 28 U.S.C. § 1446(a). As a result, Removing Defendants have failed to meet their burden, and their Notice of Removal is procedurally defective as well. See id.

For the foregoing reasons, the Court is compelled to remand this case for failure to comply with the removal requirements of 28 U.S.C. 1446. See 28 U.S.C. §§ 1446(a), 1447(c); Prize Frize, 167 F.3d at 1266. The Court remands this action to Los Angeles Superior Court, Case No. SC103298. See 28 U.S.C. § 1447(c).

SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4473 PA (FFMx) | Date | June 30, 2009 |
|---|---|---|---|
| Title | Darold M. Shirwo v. JPMorgan Chase, et al. | | |

IT IS SO ORDERED.